-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HERNANDO S. BURNEY, 03B3058,

    Plaintiff,

-v-

GLASCOTT, Assistant District Attorney of Erie County;
NAME UNKNOWN, Chief of Police, City of Buffalo,
New York; JIMMY REESE, Buffalo City Police Officer;
KENNETH SZYSZKOWSKI, Buffalo City Police Officer;
JOHN DOE, Buffalo City Police Officer;
JANE DOE, Buffalo City Police Officer;
Attorney PAUL G. DELL, Public Defenders Unit,
Buffalo, New York;
all are sued in their official and individual capacities;,

    Defendants.

---

DECISION AND ORDER
07-CV-0147M



## INTRODUCTION

Plaintiff, Hernando Burney, an inmate of the Groveland Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants violated his rights by the manner in which his house was searched and other events that took place prior to his pleading guilty to a crime and at his sentencing. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed

*in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

## *Heck* Bar

The Supreme Court has made clear that there is no cause of action under 48 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The essence of plaintiff's claims is that his house was illegally searched and he was illegally arrested and prosecuted in violation of the Fourth Amendment. Although plaintiff seeks damages for his claims, in fact the underlying basis of his claims is that he was falsely arrested, maliciously prosecuted and is therefore improperly being detained. The Supreme Court

has held that, absent invalidation of the criminal conviction, such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, Id, at 484 (1994).

It may be that plaintiff is filing this claim prophylactically, within the statute of limitations for a § 1983 action, in response to Wallace V. Kato, ___ U.S. ___, 127 S.Ct. 1091 (2007) and understands that his case must be dismissed without prejudice as premature until he succeeds in the challenge of his conviction. On the other hand, the detail with which plaintiff has laid out his arrest and prosecution cause the Court to question whether he really intended by this pleading to file a habeas corpus challenge to his conviction pursuant to 28 U.S.C. § 2254. Plaintiff filed the action on the papers provided for filing a § 1983 action, and requested only monetary relief. However, if, in fact, plaintiff intended to file a habeas corpus action, he will have to file again on the appropriate papers to make that clear to the Court. Plaintiff's complaint is dismissed without prejudice to his refiling once he successfully invalidates his conviction.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in*

3

*forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

### **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted; and

FURTHER, that the complaint is dismissed without prejudice.

SO ORDERED.

Dated:  May 24, 2007
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge